(*Surrogate's Court, Columbia County.* November 12, 1888.)

EXECUTORS AND ADMINISTRATORS—APPOINTMENT—RESIDUARY LEGATEES.

Under Code Civil Proc. N. Y. § 2643, preferring residuary legatees in granting letters of administration with the will annexed, one for whose benefit the residuary estate is bequeathed in trust to pay the income to her for life or widowhood is not entitled to administer, but letters should be granted to one of the persons to whom the estate is limited upon the death or marriage of the widow, if agreed upon by his co-legatees.

Application for letters of administration on the estate of Charles Drowne, deceased.

*McClellan & Brown,* for Gideon S. Drowne and Thomas Wilson, applicants. *Nichols & Bacon,* for Fannie B. Drowne, widow and legatee.

COLLIER, S.    Charles Drowne, of the town of Canaan, Columbia county, N. Y., died on or about the 22d day of August, 1888.    He left a last will and testament, which bears date November 13, 1875, and which was proven and admitted to probate as a will valid to pass real and personal property by the surrogate of Columbia county, on the 24th day of September, 1888.    In and by the will of said deceased, after providing for the payment of his debts and funeral expenses, and erecting a monument, and making certain specific bequests, among which, by the sixth clause, is the bequest to his wife, Fannie B. Drowne, of all his jewelry of every name and kind soever, the testator, in and by the seventh clause, gives and devises all the rest, residue, and remainder of the estate, as follows:    "*Seventh.* I give, devise, and bequeath all the rest, residue, and remainder of my estate, wherever found, to my brother William L. Drowne, to be held in trust by him for the benefit of my wife, Fannie B. Drowne, and direct my executor, William L. Drowne, hereinafter appointed, to invest the same to the best advantage for her benefit, and pay her quarterly the interest, dividends, and income therefrom, to be used by her for her support, and in any manner she may think proper; the same to remain in effect till her decease or her marriage,"—and then in and by the eighth clause disposes of the said rest and residue as follows:    "*Eighth.* After the decease or marriage of my wife, Fannie B. Drowne, I give, devise, and bequeath all my estate named in item seventh to my brothers and sisters, to be equally divided between them; and by the ninth clause of the will appointed his said brother, William L. Drowne, of the town of Canaan, sole executor.    This will bears date the 13th day of November, 1875.    The deceased, at the time of his death, left him surviving, his widow, Fannie B. Drowne, and the following brothers and sisters:    R. Olmstead Drowne, Gideon S. Drowne, Matilda Drowne, and Mary Drowne, all of age.    William L. Drowne, the sole executor named in the said will, died prior to the decease of said testator.

After the probate of said will, Gideon S. Drowne, a brother of said testator, made application for letters of administration with the will of said deceased' annexed, and asked that letters be issued to him and to one Thomas Wilson, whom he asked to be joined with him in the administration, and that letters be issued to them, and that they be appointed trustees under said will, and the said Thomas Wilson consented to be so joined.    The other brothers and the sisters of the testator file with such application a renunciation of the right to letters and to be appointed trustees, and request the appointment of said Gideon S. Drowne and Thomas Wilson.    On the filing of that application a citation was issued to the widow, and she was required to show cause why Gideon S. Drowne and said Thomas Wilson should not be so appointed, and letters issued to them.    Upon the return of that citation, the brothers and sisters of the testator appeared in support of the application, and Fannie B. Drowne, the widow of said testator, opposed the appointment of the said Gideon S. Drowne and Thomas Wilson, and asked to be appointed herself.    And the question to be

determined is, who is entitled to letters, and to be appointed trustee? The brothers and sisters of the testator claim that they are the residuary legatees under the will of said deceased, and as such, under subdivision 1 of section 2643, are first entitled. Fannie B. Drowne claims that she is the sole residuary legatee, having an estate for life or until marriage in the whole residuary estate created by the said will.

Section 2643 of the Code of Civil Procedure declares the order of priority governing the appointment and issuing of letters of administration with the will annexed of the estate of the testator: *First.* To one or more of the residuary legatees who are qualified to act as administrator. *Second.* If there are no such residuary legatees, or none who will accept, then to one or more of the principal or specific legatees so qualified. *Third.* If there are no such legatees, or none who will accept, then to the husband or wife, or to one or more of the heirs or devisees so qualified. The claimants for letters must come either under the first or second subdivision of this section; both claim under the first. Now, a residuary bequest is defined to be a bequest of all the testator's estate not otherwise effectually disposed of. The seventh section or clause of the will creates a residuary estate, places that residuary estate in trust for an uncertain period, to-wit, during the life of his widow, or until she shall marry again, and directs the payment of the income therefrom to his wife during her life, or until she shall marry again. It does not give her the possession or the right to the possession of any part of the rest and residue of his estate, nor any part of the principal of such trust-estate, nor any vested interest in the principal. She is simply entitled to the income from such residuary estate through the medium of a trustee to be appointed, or an administrator with the will annexed. She is simply the *cestui que trust,* —a person for whose benefit the trust was credited. The will creates a residuary estate by the seventh clause, and places such residuary estate in trust during the life of said Fannie B. Drowne, or until her marriage, and such residuary estate is disposed of by the eighth clause of the will,—is given to the brothers and sisters of the testator,—gives them a vested interest in such residuary estate, the possession of which, or payment to them, is deferred during the continuance of the trust. No part of the principal of the residuary estate is given to the widow. She is not a legatee, in any sense, of the principal or any part of it, and at most can be designated as a legatee of the income, and would hardly come within the definition of a specific legatee, as no part of the estate left by the testator at his decease is given to her in or by the seventh clause of the will; and, from the several cases cited by the counsel for Fannie B. Drowne, I cannot discover that in any of them have the court held that a life-tenant, or a person entitled to the income of a residuary estate placed in trust, was a residuary legatee. It seems to me that if the will creates a residuary estate, and at the same time gives and bequeaths the created residuary estate to the brothers and sisters of the testator, that they take a vested estate as residuary legatees,—as legatees of such residuary estate created by the will,—though the payment or distribution of such residuum is suspended during the life or widowhood of Mrs. Fannie B. Drowne; and that they are to be regarded as the residuary legatees within the meaning of subdivision 1 of section 2643, and entitled to letters of administration c. t. a., and to be appointed trustees under said will.

In the case of *In re Beakes,* 5 Dem. Sur. 128, the court seem to hold that those ultimately entitled to receive the fund placed in trust do not take as residuary legatees, but rather as remainder-men or general legatees, and classes all the persons interested in the fund, including the person who has a life-interest, together, under the second subdivision of section 2643. Now, while I do not agree with the learned surrogate in this classification of the legatees, yet, conceding it to be correct, and conceding that Fannie B. Drowne and the brothers and sisters of the testator are to be classed together under

the second subdivision, yet, exercising the discretion belonging to the court, which of several persons to designate, I should direct that letters issue to Gideon S. Drowne and Thomas Wilson, and should direct that they be appointed trustees under the will of said deceased, as such appointment is asked for by all the parties to whom the principal of such rest and residue of the estate is given, devised, and bequeathed, as they have the greater interest in the estate than Fannie B. Drowne, whose estate or interest cannot be correctly determined, as she has not an absolute right to the income during her life, but only during widowhood. And I think, besides, that preference should be given to males over females, when they are of the same class of legatees, and I do not think that the appointment of the *cestui que trust* as administratrix and trustee for her own benefit should be favored when there are others equally entitled against whom no objection can be urged. I therefore direct that letters issue to Gideon S. Drowne and said Thomas Wilson, and that they be appointed trustees on their executing the proper bond, with two or more sureties, in a penalty of $76,000, to be approved by the surrogate, and that the application of said Fannie B. Drowne be denied.